United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 07, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 13-30466 |
| IMPERIAL PETROLEUM RECOVERY CORPORATION, | § § § | CHAPTER 7 |
| Debtor. | § § § | |
| DON B. CARMICHAEL, *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | ADVERSARY NO. 14-3375 |
| THOMAS BALKE, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

In the wake of another round of appeals, *Carmichael et al.* and *Balke et al.* now disagree over the contents of the record that should be presented to the District Court on appeal. Plaintiffs argue that Defendants are limited to designating for review on appeal only those items that were admitted into evidence during the proceedings now on appeal. Defendants counter that this standard is not only too restrictive, but also at odds with the standard the District Court previously applied *in this case*. According to Defendants, the record on appeal may include any documents filed with the Court. In the end, neither party accurately portrays the applicable standard (though it is a flexible one) for determining the proper contents of the record on appeal. The District Court should be given all it needs to determine what happened before this Court and whether, based on what happened, this Court reached the correct result.

Plaintiffs' request to strike portions of Defendants' designation is granted in part and denied in part.

## BACKGROUND

Plaintiffs placed Imperial Petroleum Recovery Corporation into involuntary bankruptcy more than eight years ago. Shortly thereafter, Plaintiffs commenced this adversary proceeding alleging Defendants intentionally violated the automatic stay by wrongfully interfering with property Plaintiffs acquired from Imperial Petroleum's bankruptcy estate.[1] A 24-day trial ensued. Ultimately, the Court (through then presiding, now retired, Judge Jeff Bohm) issued extensive findings of fact and conclusions of law awarding judgement and almost $2 million in damages to Plaintiffs.

Defendants moved to vacate that judgment under Rule 59. A series of appeals followed Defendants' Rule 59 motion. Eventually, that Rule 59 motion made its way back to this Court, where it was the subject of a five-day evidentiary hearing, two Memorandum Opinions, and resulted in an Amended Judgment. Defendants largely succeeded on their Rule 59 motion, with Plaintiffs' damages award and attorneys' fee award being reduced substantially. Nevertheless, Defendants (and Plaintiffs) appealed from the Amended Judgment.

On appeal, Defendants challenge the Amended Judgment's award of damages, attorneys' fees, and declaratory relief, as well as some of Judge Bohm's original findings and conclusions that were undisturbed by the Amended Judgment. (ECF No. 738 at 2–3). Consistent with their obligations in the event of appeal, Defendants designated a record for the District Court to review. (*See* ECF No. 738 at 3–27); *see also* FED. R. BANKR. P. 8009(a)(2). Plaintiffs moved to strike certain items Defendants designated for inclusion in the appellate record because the items "were not admitted into evidence." (*See* ECF No. 748 at 4–5). Defendants argue for an "inclusive

---

[1] Four Memorandum Opinions recount this proceeding's lengthy factual and procedural background. (*See* ECF Nos. 242, 274, 692, 718).

approach," asserting that Bankruptcy Rule 8009 authorized Defendants to designate any items filed with the Court. (ECF No. 749 at 2–4).

## DISCUSSION

Plaintiffs urge this Court to correct the record designated by Defendants on appeal. Federal Rule of Bankruptcy Procedure 8009 governs the contents of the record on appeal. Under Rule 8009, the Bankruptcy Court is charged with resolving "any difference about whether the record [designated] accurately discloses what occurred" before the Court. FED. R. BANKR. P. 8009(e)(1).[2] But Bankruptcy Rule 8009 does not provide a standard for resolving "differences about whether the record [designated] accurately discloses what occurred in the bankruptcy court." *Id.*; (*see also* Dist. Ct. Case No. 19-00313, ECF No. 29 at 14).[3]

Plaintiffs argue that the record designated "accurately discloses what occurred in the bankruptcy court," only if it includes items "admitted into evidence" or "accepted by the Court as a proffer of proof." (ECF No. 748 at 7). And since Defendants designated items that were not admitted into evidence or explicitly accepted as proffers, Plaintiffs say those items must be stricken from of Defendants' designation. (ECF No. 748 at 7). While they assert an incorrect standard for resolving differences about the designated record, Plaintiffs do identify certain items that were never considered by the Court in reaching the decisions on appeal. These items are stricken from Defendants' designation.

---

[2] Bankruptcy Rule 8009 replaced Bankruptcy Rule 8006 in 2014. FED. R. BANKR. P. 8009 committee notes on 2014 rules. Rule 8009 was intended to retain practices set out in the former Rule 8006. *Id.*

[3] *Balke v. Carmichael*, No. 29 4:19-cv-00313 (S.D. Tex. Dec. 12, 2019) ("Dist. Ct. Case No. 19-00313, ECF No. 29").

I.  **STANDARD FOR RESOLVING DISPUTES OVER THE RECORD ON APPEAL**

Little has been written about the appropriate method of resolving disputes over appellate record designation. (Dist. Ct. Case No. 19-00313, ECF No. 29 at 13); *see also In re Digerati Techs., Inc.*, 531 B.R. 654, 660 (Bankr. S.D. Tex. 2015) ("There is no case law at this point interpreting [Rule 8009(e)]."). Yet this adversary proceeding prompted the District Court to articulate a standard for assessing whether items were improperly designated as part of the record on appeal. (*See generally* Dist. Ct. Case No. 19-00313, ECF No. 29). There, the District Court concluded that an item is properly included in the record on appeal if "the bankruptcy court actually considered" the item in reaching a decision. (Dist. Ct. Case No. 19-00313, ECF No. 29 at 26).

The District Court gleaned this standard from Fifth Circuit cases addressing appellate record designation under former Bankruptcy Rule 8006 (which is retained by Rule 8009). In *Zerr-Ilan v. CPDC, Inc. (In re CPDC, Inc.)*, the Fifth Circuit held that materials that were "*not part of the record* before the bankruptcy court" could not be designated as part of the record on appeal. 337 F.3d 436, 443 (5th Cir. 2003) (citing *Sipes v. Atl. Gulf Cmty. Corp. (In re Gen. Dev. Corp.)*, 84 F.3d 1364, 1369 (11th Cir. 1996) ("Because the [items] were not considered by the Bankruptcy Court they shall not be permitted to become part of the appellate record.")) (emphasis added). In *Mehta v. Havis (In re Shah)*, an appellant was precluded from designating as part of the appellate record documents *that were never considered* by the bankruptcy court. 204 F. App'x 357, 359 (5th Cir. 2006). In *SI Restructuring*, the Fifth Circuit faced two narrow issues related to record designation. 480 F. App'x 327 (5th Cir. 2012). First, whether documents admitted in a related, but separate, proceeding were "part of the record before the bankruptcy court?" *Id.* at 329. If they were, the documents were properly designated as part of the record on appeal. *Id.* Second, whether those documents became "part of the record before the bankruptcy court" through the appellant's

request for the bankruptcy to take judicial notice of the documents? *Id.* at 328–29. The Fifth Circuit concluded the documents were not part of the record before the bankruptcy court as judicial notice was not a substitute for the documents' proper introduction. *See id.* at 329 ("We see no reason to require a court to take judicial notice of the contents of evidence not properly introduced in the bankruptcy proceeding. . . ."). Of course, had the documents been properly offered into evidence, but excluded, the appellant could have challenged that evidentiary ruling on appeal and designated the excluded documents as part of the record on appeal.

Before the District Court addressed the applicable standard under Rule 8009(e), Judge Bohm, writing for the Bankruptcy Court, relied on a four-step approach to resolve a dispute over record designation. *See generally Digerati Techs.*, 531 B.R. 654. Under that approach, an item could be designated if: (1) the item was "actually admitted into the trial record;" (2) if not admitted, the item was "considered" by the court; (3) if the court did not consider the item, good cause existed for the appellant's failure to present the item to the court; and (4) if good cause did not exist, the item's exclusion would prejudice the appeal. *Id.* at 663. While Judge Bohm structured his approach to Rule 8009(e) as a four-step inquiry, its touchstone is, as recognized by the District Court and the Fifth Circuit, the bankruptcy court's consideration of the designated item. Furthermore, the four-step inquiry's exception (*i.e.,* whether the failure to present the item to the bankruptcy court can be excused) was recognized by the District Court and finds support in Fifth Circuit precedent. *See Mehta*, 204 F. App'x at 359 ("[Appellant] does not offer reasons for his failure to provide these documents in the bankruptcy hearing, nor does he offer any explanation as to how his case is prejudiced by their exclusion."); (Dist. Ct. Case No. 19-00313, ECF No. 29 at 26 ("The appellants are correct that the record on appeal may include items that were not offered or admitted at trial, but, as discussed, that exception to the general rule is narrow.")).

Aside from presenting an item for a court's consideration, an appellant may ask a reviewing court to take judicial notice of items filed with the lower court, but not necessarily "considered" by the lower court, when designating the record on appeal. (*See* Dist. Ct. Case No. 19-00313, ECF No. 29 at 24–25 (citing *Nantucket Invs. II v. Cal. Fed. Bank (In re Indian Palms Assocs., Ltd.)*, 61 F.3d 197, 206 (3d Cir. 1995)); *see also* FED. R. EVID. 201. However, Federal Rule of Evidence 201 precludes a court from taking judicial notice of *disputed* facts. FED. R. EVID. 201(b); *see also Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998) (explaining that Rule 201 does not permit a court to take notice of facts over which the parties have a reasonable dispute); *SI Restructuring*, 480 F. App'x at 329 (quoting *Taylor*, 162 F.3d at 830) ("[W]hile a court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings, a court cannot take judicial notice of the factual findings of another court." (internal quotations omitted)). Rule 201 thus prevents parties from circumventing a lower court's factual findings on appeal by relying on judicial notice to establish the truth of documents not admitted into evidence. (*See* Dist. Ct. Case No. 19-00313, ECF No. 29 at 33–35 (quoting *Indian Palms*, 61 F.3d at 205–06) ("[W]hile judicial notice may be taken at any stage of the proceeding . . . , judicial notice [is] not proper if it . . . would undermine the trial court's factfinding authority." (internal quotation mark omitted)). Effectively, a request for judicial notice of documents filed does not confirm the veracity of factual allegations contained in the documents, but rather as an acknowledgment of the document's authenticity and its filing with the court. (*See* Dist. Ct. Case No. 19-00313, ECF No. 29 at 33). Hence, when it comes to the appellate record, judicial notice is no substitute for the proper introduction of evidence.

In sum, Rule 8009 allows an appellant to designate as part of the record on appeal items the bankruptcy was asked to consider (regardless of whether those items were admitted into

evidence). With respect to items filed in related cases or adversary proceedings, such items must have been presented for the bankruptcy court's consideration in reaching the appealed decision. (*See* Dist. Ct. Case No. 19-00313, ECF No. 29 at 16, 18–19, 24). If an item was not presented to the bankruptcy court, it may nevertheless be included in the record on appeal if the appellant offers a sufficient explanation for failing to present the item to the court, or if the item's omission from the appellate record would prejudice the appellant. Critically, the Court must ensure that the record designated "accurately discloses what occurred in the bankruptcy court." FED. R. BANKR. P. 8009(e)(1).

Contrary to the standard urged by Plaintiffs, Defendants must establish that the disputed items were presented to the Court for consideration, or that good cause exists for the items' inclusion in the appellate record. With respect to the *evidentiary* record, an item is presented to the bankruptcy court when it is properly offered into evidence. Once offered, the document may be designated as part of the record on appeal. This is true even if admission of the offered document is denied; the appellate court may consider whether the court's exclusion of the document was error. To do so, the appellate court may need to review the document itself. With respect to *rulings* unaccompanied by a typical evidentiary record (*e.g.*, a motion for summary judgment with accompanying exhibits), the documents (*e.g.,* the summary judgment motion itself and its exhibits) precipitating the ruling may be designated as part of the appellate record so the appellate court can determine whether the ruling was correct. Such documents need not be re-offered into evidence to become part of the record on appeal.

## II. DEFENDANTS' IMPROPER DESIGNATION ON APPEAL

Plaintiffs take issue with numerous items designated by Defendants. According to Plaintiffs, these items were not admitted into evidence at trial or explicitly accepted as proffers. Defendants filed each disputed item with the Court. (*See* ECF Nos. 601, 604, 605, 627, 628, 649, 676, 738).[4] According to Defendants, each item's filing is sufficient to warrant its inclusion in the appellate designation.

In resolving Plaintiffs' objection, Rule 8009(e) cannot be used to supplant the District Court's ability to ascribe the proper evidentiary weight to each designated item. Similarly, Defendants cannot use their designation to create a version of the appellate record that does not reflect Defendants' presentation of evidence in the Bankruptcy Court. (*See* Dist. Ct. Case No. 19-00313, ECF No. 29 at 37 ("[Defendants] may not expand the record on appeal by adding new exhibits on appeal that were not considered or admitted by the Bankruptcy Court to boost their arguments on the disputed merits issues.")). The Court's primary concern is supplying the District Court with a record that "accurately discloses what occurred in the bankruptcy court." FED. R. BANKR. P. 8009(e).

The following table identifies those items Defendants properly designated, as well as those that are stricken from Defendants' designation.

| Disputed Item | ECF Number | Request to Strike | Reason |
|---|---|---|---|
| Affidavit of Eugene Eddy in Support of Rule 59 Motion | 282-2; 295-3 | Denied | The Court considered the item as it was attached to Defendants' original Rule 59 motion and Defendants' motion to reconsider the Rule 59 motion's denial. |
| Timeline | 601-7 | Granted | Beyond its filing as a potential exhibit, the item was never offered into evidence. |

---

[4] The Bankruptcys Court's post-COVID protocols require that all potential exhibits be filed on CM/ECF. To become part of the evidentiary record, the exhibits must be formally offered into evidence. Offered exhibits are referred to by their designated ECF number.

| Disputed Item | ECF Number | Request to Strike | Reason |
|---|---|---|---|
| Emails between David Dickinson and Thomas Balke | 601-13 | Granted | Beyond its filing as a potential exhibit, the item was never offered into evidence. |
| Agreed Order Lifting Stay in the Main Bankruptcy Case | 601-14 | Denied | The Court necessarily considered its prior Order authorizing Plaintiffs' acquisition of the property at issue in this adversary proceeding. |
| "Pillsbury Report" on Valuation of Patents | 601-18 | Denied | The item was admitted at trial.  (*See* ECF No. 144 at 49:18–50:21; *see also* Dist. Ct. Case No. 19-00313, ECF No. 29 at 37). |
| USPTO Petition for Late Payments | 601-20 | Granted | Beyond its filing as a potential exhibit, the item was never offered into evidence. |
| July 15, 2014 Assignment Agreement | 601-21 | Denied | The item was admitted at trial.  (*See* ECF Nos. 78-1 at 7; 142 at 4:13–17). |
| Docket Sheet in Main Case (13-30466) | 601-24 | Denied | The District Court has discretion to take judicial notice of the updated docket sheet.  *See* FED. R. EVID. 201(b). |
| 014 Patent | 601-25 | Denied | Plaintiffs offered the item into evidence at trial.  (*See* ECF Nos. 78-1 at 8; 364 at 5:2–6:2). |
| 014 Patent Application Data | 601-26 | Granted | Beyond its filing as a potential exhibit, the item was never offered into evidence. |
| 014 Patent Transaction Data | 601-27 | Granted | Beyond its filing as a potential exhibit, the item was never offered into evidence. |
| 014 Patent Assignments | 601-28 | Granted | Beyond its filing as a potential exhibit, the item was never offered into evidence. |
| 157 Patent | 601-29 | Denied | Plaintiffs offered the item into evidence at trial.  (*See* ECF Nos. 78-1 at 8; 364 at 5:2–6:2). |
| 157 Patent Application Data | 601-30 | Granted | Beyond its filing as a potential exhibit, the item was never offered into evidence. |
| 157 Patent Transaction Data | 601-31 | Granted | Beyond its filing as a potential exhibit, the item was never offered into evidence. |
| 157 Patent Assignments | 601-32 | Granted | Beyond its filing as a potential exhibit, the item was never offered into evidence. |
| 400 Patent | 601-33 | Denied | Plaintiffs offered the item into evidence at trial.  (*See* ECF Nos. 78-1 at 8; 364 at 5:2–6:2). |
| 400 Patent Application Data | 601-34 | Granted | Beyond its filing as a potential exhibit, the item was never offered into evidence. |
| 400 Patent Transaction Data | 601-35 | Granted | Beyond its filing as a potential exhibit, the item was never offered into evidence. |
| 400 Patent Assignments | 601-36 | Granted | Beyond its filing as a potential exhibit, the item was never offered into evidence. |

| Disputed Item | ECF Number | Request to Strike | Reason |
|---|---|---|---|
| 830 Patent | 601-37 | Denied | Plaintiffs offered the item into evidence at trial. (*See* ECF Nos. 78-1 at 8; 364 at 5:2–6:2). |
| 830 Patent Application Data | 601-38 | Granted | Beyond its filing as a potential exhibit, the item was never offered into evidence. |
| 830 Patent Transaction Data | 601-39 | Granted | Beyond its filing as a potential exhibit, the item was offered into evidence. |
| 830 Patent Assignments | 601-40 | Granted | Beyond its filing as a potential exhibit, the item was offered into evidence. |
| Patent Timeline | 601-41 | Granted | Beyond its filing as a potential exhibit, the item was offered into evidence. |
| Transcript Excerpts from Gary Emmott's Testimony on Aug. 2, 2018 | 601-58 | Granted | The hearing at which Mr. Emmott gave the subject testimony related to Plaintiffs' Application for a Writ of Execution and Motion for Contempt (ECF No. 371). Defendants have not identified the Court's ruling on these motions as issues on appeal. Defendants did not present these transcript excerpts to the Court for consideration during the Rule 59 proceedings nor do Defendants explain why the testimony is integral to the record on appeal. Furthermore, Defendants did not rely on this testimony for impeachment purposes during the Rule 59 proceedings. The Court did not consider the testimony in ruling on the Rule 59 motion. |
| Transcript of Gary Emmott's Testimony on Feb. 17, 2016 | 601-59 | Denied | Defendants properly designated the item as part of the record on appeal. *See* FED. R. BANKR. P. 8009(a)(4). Highlighting does not make the transcript inaccurate. |
| Partial Transcript of Don Carmichael's Testimony on May 13, 2016 | 601-63 | Denied | Defendants properly designated the item as part of the record on appeal. *See* FED. R. BANKR. P. 8009(a)(4). Plaintiffs do not identify any inaccuracies in the transcript. And Rule 8009 contemplates a party's designation of partial transcripts. *See* FED. R. BANKR. P. 8009 committee notes on 2014 rules. |
| Order Denying Motion for Contempt | 604-5 | Denied | The Court has discretion to take judicial notice of this its prior orders. *See* FED. R. EVID. 201(b). |

| Disputed Item | ECF Number | Request to Strike | Reason |
|---|---|---|---|
| Excerpts of Alan Springer's Testimony on Aug. 2, 2018 | 604-6 | Granted | The hearing at which Mr. Springer gave the subject testimony related to Plaintiffs' Application for a Writ of Execution and Motion for Contempt. (ECF No. 371). Defendants have not identified the court's ruling on these motions as issues on appeal. Defendants did not present these transcript excerpts to the Court for consideration during the Rule 59 proceedings nor do Defendants explain why the testimony is integral to the record on appeal. Furthermore, Defendants did not rely on this testimony for impeachment purposes during the Rule 59 proceedings. The Court did not consider the testimony in ruling on the Rule 59 motion. |
| September 2019 Declaration of Kevin Maki | 604-8 at 1–3 | Denied | The Court excluded Mr. Maki's testimony given in support of Defendants' Rule 59 motion. (ECF No. 646 at 82:15–83:12). To preserve the issue of the admissibility of Mr. Maki's testimony for appeal, Defendants relied on the item in making an offer of proof. (*See* ECF No. 638). The Court considered the item, and Defendants are entitled to rely on the item in challenging the correctness of the exclusion of Mr. Maki's testimony. |
| Excerpt from Expedited Motion for Valuation (ECF No. 235) filed in Main Case (13-30466) | 605-32 | Denied | The Court took judicial notice of the item's filing. (9/15/2020 Courtroom Minutes); *see also* FED. R. EVID. 201. |
| Chart related to Findings and Conclusions | 605-40 | Granted | Beyond its filing as a potential exhibit, the item was offered into evidence. |
| Transcript Excerpts relating to MST-150 | 627-2 | Granted | Defendants did not present their compilation of transcript excerpts to the Court for consideration. All complete transcripts related to this appeal may be properly designated. |
| Transcript Excerpts relating to Returned Equipment | 627-3 | Granted | Defendants did not present their compilation of transcript excerpts to the Court for consideration. All complete transcripts related to this appeal may be properly designated. |

| **Disputed Item** | **ECF Number** | **Request to Strike** | **Reason** |
|---|---|---|---|
| Transcript Excerpts relating to Demo Unit | 627-4 | Granted | Defendants did not present their compilation of transcript excerpts to the Court for consideration. All complete transcripts related to this appeal may be properly designated. |
| Excerpts from Bankruptcy Schedules and relating to Value of MST Equipment | 627-5 | Granted | The item combines transcript excerpts with other filings, purportedly referred to in the transcripts. Defendants did not present this item to the Court for consideration, nor did Defendants afford Plaintiffs an opportunity to challenge the item's accuracy (*i.e.,* whether the inserted filings are actually those filings referred to in the corresponding testimony). (*See* Dist. Ct. Case No. 19-00313, ECF No. 29 at 35–36 (explaining that record designation and judicial notice cannot be used to deprive an adverse party of an opportunity to challenge designated evidence)). The Court did not separately consider the excerpts in ruling on the Rule 59 motion. |
| Martin Renteria Affidavit of Return of Non-Service | 627-6 | Granted | Beyond its filing as a potential exhibit, the item was offered into evidence. |
| Excerpts from Alan Springer's Testimony on May 9, 2013 | 649-3 | Denied | The Court considered the excerpts in denying Defendants' motion to supplement Mr. Springer's testimony. (ECF Nos. 650; 684 at 140:21–141:2). Defendants are entitled to challenge that ruling on appeal. |
| Excerpts from Alan Springer's Testimony on July 31, 2013 & Nov. 13, 2013 | 649-4 | Denied | The Court considered the excerpts in denying Defendants' motion to supplement Mr. Springer's testimony. (ECF Nos. 650; 684 at 140:21–141:2). Defendants are entitled to challenge that ruling on appeal. |
| Excerpts from Alan Springer's Testimony on Jan. 8, 2014 | 649-5 | Denied | The Court examined the excerpts in denying Defendants' motion to supplement Mr. Springer's testimony. (ECF Nos. 650; 684 at 140:21–141:2). Defendants are entitled to challenge that ruling on appeal. |
| Excerpts from Alan Springer's Testimony on Jan. 13, 2014 | 649-6 | Denied | The Court examined the excerpts in denying Defendants' motion to supplement Mr. Springer's testimony. (ECF Nos. 650; 684 at 140:21–141:2). Defendants are entitled to challenge that ruling on appeal. |

| Disputed Item | ECF Number | Request to Strike | Reason |
|---|---|---|---|
| Excerpts from Ryan Boulware's Deposition | 649-7 | Granted | The Court declined to consider these excerpts from Mr. Boulware's transcript, and instead admitted the transcript in its entirety. (*See* ECF Nos. 679-10; 678; 684 at 139:10–140:5). |
| Affidavit of Service Attempts on Ryan Boulware | 649-8 | Denied | The Court considered the item in finding Mr. Boulware's deposition testimony admissible. (ECF No. 684 at 128:24–129:3). |
| Plaintiffs' Amended Complaint in Case No. 15-36456 | 649-9 | Denied | The Court considered the item in excluding it from evidence. (ECF No. 684 at 142:1–144:16). Defendants are entitled to challenge that ruling on appeal. |
| Notice of Removal of Case No. 16-03045 | 649-10 | Denied | The Court considered the item in excluding it from evidence. (ECF No. 684 at 144:17–145:5). Defendants are entitled to challenge that ruling on appeal. |
| Closing Demonstrative | 676-1 | Granted | While the item was presented to the Court, the Court deferred consideration of the item until Closing Arguments. (ECF No. 684 at 145:6–11). Prior to Closing Arguments, Defendants supplied an updated demonstrative. (*See* ECF No. 687-1). |
| Updated Closing Demonstrative | 687-1 | Denied | Defendants used the item at Closing Arguments, and it was examined by the Court in deciding Defendants' Rule 59 motion. |
| Exhibit & Witness List for Oct. 28, 2020 Hearing | 632 | Denied | The item is Defendants' witness and exhibit list. The Court has discretion to take judicial notice of the fact of its filing. *See* FED. R. EVID. 201. |
| Third Amended Witness & Exhibit List | 649 | Denied | The item is Defendants' witness and exhibit list. The Court has discretion to take judicial notice of the fact of its filing. *See* FED. R. EVID. 201. |
| Reply to Plaintiffs' Opposition to Defendants' Motion to Present Deposition Testimony and Supplemental Testimony | 669 | Denied | The Court has discretion to take judicial notice of the motion's filing. *See* FED. R. EVID. 201. Furthermore, the Court examined the motion and its exhibits when ruling on the motion. (*See* ECF Nos. 650; 684 at 125:17–141:2). |
| Exhibit & Witness List for Feb. 24, 2021 Hearing | 673 | Denied | The item is Defendants' witness and exhibit list. The Court has discretion to take judicial notice of the fact of its filing. *See* FED. R. EVID. 201. |

| Disputed Item | ECF Number | Request to Strike | Reason |
|---|---|---|---|
| Third Amended Witness & Exhibit List | 676 | Denied | The item is a supplement to Defendants' exhibit and witness list filed on February 22, 2021. The Court has discretion to take judicial notice of the fact of its filing. *See* FED. R. EVID. 201. |
| Fifth Amended Witness & Exhibit List | 687 | Denied | The item is Defendants' witness and exhibit list. The Court has discretion to take judicial notice of the fact of its filing. *See* FED. R. EVID. 201. |
| Transcripts of the Hearing on Defendants' Rule 59 Motion | 618, 646, 664, 670, 684, 742 | Denied | Defendants properly designated the transcripts of proceedings related to the decisions on appeal. *See* FED. R. BANKR. P. 8009(a)(4). |
| Defendants Fifth Amended Exhibit List | 738-1 | Denied | The item is Defendants' updated witness and exhibit list. The Court has discretion to take judicial notice of the fact of its filing. *See* FED. R. EVID. 201. |
| Partial Transcript of Oct. 10, 2013 Hearing | Case No. 13-30466, ECF No. 220 | Granted | Defendants never presented the item to the Court for consideration, nor do Defendants offer a reason for its inclusion in the record on appeal. The Court did not consider the partial transcript in ruling on the Rule 59 motion. |
| Transcript of Jan. 7, 2014 Hearing. | Case No. 13-30466, ECF No. 326 | Granted | Defendants never presented the item to the Court for consideration, nor do Defendants offer a reason for its inclusion in the record on appeal. The Court did not consider the transcript in making its Rule 59 decision. |

**CONCLUSION**

These items are stricken from the appellate record: ECF Nos. 601-7, 601-13, 601-20, 601-26, 601-27, 601-28, 601-30, 601-31, 601-32, 601-34, 601-35, 601-36, 601-38, 601-39, 601-40, 601-41, 601-58, 604-6, 605-40, 627-2, 627-3, 627-4, 627-5, 627-6, 649-7, 676-1; Case No. 13-30466, ECF Nos. 220, 326. All other requested relief is denied.

SIGNED 01/07/2022

Marvin Isgur
United States Bankruptcy Judge